**In the Matter of Bernard Shacter, Bankrupt.**

**Bernard SHACTER, Appellant,**

v.

**Francine E. SHACTER, Appellee.**

**Civ. No. 78–1485.**

United States District Court,
D. Maryland.

March 16, 1979.

Solomon L. Margolis and Kamerow & Kamerow, Washington, D. C., and Nelson C. Cohen and Levitan, Ezrin, Cramer, West & Weinstein, Chevy Chase, Md., for appellant.

Richard H. Gins and Greenbaum, Gins & Goldstein, Washington, D. C., for appellee.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

This is an appeal from an order of the bankruptcy court. The appellant is Bernard Shacter, and the appellee is Francine Shacter, formerly his wife. The appellant and the appellee were married in 1946, and in 1961 entered into a separation agreement, which provided in pertinent part that:

Husband shall pay to Wife for her support and maintenance, until she dies or remarries, the sum of Two Hundred Seventy-Five ($275.00) Dollars per month, beginning with the month of August, 1961.

In 1964, the parties were divorced. Because of the appellant's failure to make the payments required by the above-quoted paragraph, appellee obtained two judgments against the appellant in the Circuit Court for Montgomery County in the amounts of $7,700 and $16,025.

The appellant filed a voluntary petition in bankruptcy in 1977, and the amounts owed his former wife under the separation agreement were scheduled as liabilities on the petition. The appellee timely filed her complaint in the bankruptcy proceeding seeking a determination that the debt owed her is not dischargeable under § 17(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7). Both parties filed motions for summary judgment and, on April 5, 1978, the bankruptcy judge entered an order declaring the amount owed under the separation agreement to be a nondischargeable debt. On April 10, 1978, the appellant filed a motion for reconsideration of this decision, and raised the question of the unconstitutionality of § 17(a)(7). The motion was denied on June 27, 1978. On the same day, the bankruptcy court granted appellee's motion for reconsideration and supplemented the April

5, 1978 order by rendering judgment for the amount of unpaid support for the months during which the appellee's complaint was pending. Appellant filed a notice of appeal from these latter orders denying appellant's motion for reconsideration and granting appellee's motion for reconsideration.

The issues presented herein have been adequately briefed by both parties, and no hearing is necessary to clarify the issues or the applicable law. Accordingly, under Bankruptcy Rule 809 and Local Bankruptcy Rule 57, this appeal shall be decided on the briefs filed.

A preliminary issue is presented concerning which orders are being appealed. The notice of appeal indicates that the appeal was taken from the rulings on the motions for reconsideration; however, appellant's brief does not address any of the issues raised in those two motions. Instead, appellant's brief appears only to concern itself with the validity of the April 5, 1978 order, in which the bankruptcy court found that the debt involved was for the appellee's maintenance and support within the meaning of § 17(a)(7). Accordingly, appellee now contends that no appeal was properly taken from the April 5, 1978 order.

Since the appellant in his brief has not addressed the issues raised by the two orders of June 27, 1978, the court will not discuss the validity of those two orders. However, despite the appellee's contention that there has been no appeal from the order of April 5, 1978 determining the debt to be nondischargeable, the court will consider the substantive legal questions involved in that order because the issues presented are not complex and are capable of disposition with relative ease.

The bankruptcy judge found the amount owed under the separation agreement to be in the nature of alimony and for her maintenance or support within the meaning of § 17(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7), which provides in pertinent part as follows:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . .

(7) are for alimony due or to become due, or for maintenance or support of wife or child . . . . .

The appellant appears to be arguing that since the payments required by the separation agreement did not meet the requirements of technical alimony under Maryland law, then the debt is in the nature of a property settlement which is dischargeable in bankruptcy.

The court rejects appellant's contention. Payments required by a contract for the support and maintenance of a wife are not dischargeable in bankruptcy even though they do not constitute payments for alimony under state law, *see In re Adams*, 25 F.2d 640, 642 (2d Cir. 1928), and even though the separation agreement itself contains provisions concerning the settlement of property rights of the parties, *see In re Ridder*, 79 F.2d 524 (2d Cir. 1935), *cert. denied*, 297 U.S. 721, 56 S.Ct. 599, 80 L.Ed. 1005 (1936). In determining whether certain obligations are liabilities for support, a court should look to the substance of the obligation, and not to labels imposed by state law. *In re Nunnally*, 506 F.2d 1024, 1027 (5th Cir. 1975).

Given these principles, it is readily apparent that the payments required by the separation agreement were for the maintenance and support of the appellee. The terms of the agreement provided that the payments were for the wife's "support and maintenance." This conclusion is further supported by the periodic nature of the payments and the circumstances existing at the time of the execution of the agreement. The mere fact that the payments do not meet the requirements for technical alimony under state law does not mean the payments cannot be intended for the support of the wife; indeed, *Eigenbrode v. Eigenbrode*, 19 Md.App. 597, 313 A.2d 569, *cert. denied*, 271 Md. 735 (1974), a case cited by appellant, indicates that a separation agreement which does not meet all the requirements for technical alimony is a "contractual agreement for support." *Id.* 313 A.2d at 571. Thus, this court concludes that, while the separation agreement may not provide

for technical alimony under Maryland law, the monthly payments required by the agreement are for the support and maintenance of the appellee within the meaning of § 17(a)(7). Therefore, the appellant's debt to the appellee arising out of the separation agreement is nondischargeable, and there is no error in the orders of the bankruptcy court.

Accordingly, it is this 16th day of March, 1979, by the United States District Court for the District of Maryland,

ORDERED that the orders of the bankruptcy court be, and hereby are, AFFIRMED.