**In re Rick PROCTOR, Debtor.**

**Alice PROCTOR, Plaintiff,**

v.

**Rick PROCTOR, Defendant.**

**Bankruptcy No. 83–00123(SE).**
**Adv. No. 83–0120(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Sept. 4, 1984.

Kenneth C. McManaman, Cape Girardeau, Mo., for defendant.

Rebecca McDowell Cook, Cape Girardeau, Mo., for plaintiff.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff, Alice Proctor, (Alice) seeks a determination that various debts owed her or her minor children by Defendant/Debtor, Rick Proctor (Rick), her former spouse, and that arise from the parties' dissolution decree and a subsequent modification of that decree are non-dischargeable under 11 U.S.C. § 523(a)(5).

At the hearing, the parties submitted the factual case upon copies of the dissolution decree and the subsequent order modifying the decree. Defendant posed no objection to the authenticity of these copies and, therefore, the Court will treat these documents as authentic. No testimony or other evidence was presented by either party.

From the record, the Court finds the following to be the facts:

(1) On November 13, 1978, Alice and Rick obtained a decree of the Circuit Court of Cape Girardeau County, Missouri, dissolving their marriage.

(2) Under the terms of the decree, Rick acquired the following obligations either to Alice or to his minor children, at issue herein:

(a) Payment of the sum of $250.00 per month for each of his two daughters as support

(b) Payment of the sum of $350.00 per month to Alice for her maintenance

(c) Payment of four (4) years of higher education for Jessica, the parties younger daughter, at a cost based on the cost of such an education at a Missouri state-funded University

(d) Assumption of part of the payments on a debt to Washington University jointly incurred by the parties for the education of their elder daughter, Rebecca

(e) Payment of the premiums on "the New York Life Insurance policies for the benefit of Rebecca Proctor and Jessica Proctor".

This decree was based on a separation agreement dated October 9, 1978, between Rick and Alice and incorporated its terms.

(3) Subsequently, Rick filed a Motion to Modify the dissolution decree. Alice countered with a Motion for Wage Assignment. On November 3, 1982, the same state court entered its order denying Rick's Motion to Modify and granting Alice's Motion for Wage Assignment. Under the terms of this order, the Court found that Rick owed Alice $3,411.56 in back child support, directed Rick to execute a Wage Assignment to Alice in the amount of $600.00 per month, and ordered Rick to pay Alice her attorney's fees incurred in this proceeding and the sum of $150.00 for Alice's travel expenses in attending the modification hearing.

(4) On April 12, 1983, Rick filed a petition for relief under Chapter 7 of the Bankruptcy Code. He lists on Schedule A–3 the above debts to Alice, his daughters, and Washington University.

## CONCLUSIONS

### 1. *Debts to Children*

■ Both of the parties' daughters, Rebecca and Jessica, have now reached or passed the age of 21 and, hence, under the terms of the original dissolution decree, Rick is no longer obligated to make the periodic $250.00 payments for their support. However, Rick does owe Alice an amount, not disclosed in the record, for delinquent child support. Since there is no evidence to suggest that the award in question is anything other than what it purports to be, the Court finds that Rick's indebtedness to Alice for amounts unpaid and owing under the child support award in the decree is "actually in the nature of ... support" within the meaning of 11 U.S.C. 523(a)(5). There is no reason to suppose that in making this award the state court did not rely on the factors delineated in section 435.440 RSMo., all of which center on the child's lack of other resources for his or her support. Hence, Rick's debt to Alice for back child support is non-dischargeable.

■ Rick also agreed and was ordered to pay the costs for four (4) years of his daughter, Jessica's, post high-school education. There is no evidence in the record to suggest whether Jessica ever attended any institution of higher learning, whether Jessica has made demand on her father for such expenses or whether she has had any need to make such demand. However, this agreement and order are no different in a dischargeability context than is the order that Rick pay $250.00 per month for Jessica's support. That Rick may have no obligation to pay for Jessica's college education or, at least, may have no obligation to pay the same after Jessica becomes 21 does not alter the nature of this agreement as being one "actually in the nature of ... support" under 11 U.S.C. § 523(a)(5), *Boyle v. Donovan*, 724 F.2d 681 (8th Cir.1984). Hence, since Rick's agreement to pay these expenses was obviously intended for Jessica's support, his liability, if any, under the agreement is also non-dischargeable.

### 2. *Debts to Alice*

■ Under the dissolution decree, Rick must pay Alice the sum of $350.00 per month "for the support and care of said petitioner (Alice), subject to the further modification of this Court should the appro-

priate conditions be found ...". Although there was no evidence of Alice's financial condition at the time of the dissolution, the intent of the parties apparent on the face of these documents in one of support for Alice. While the award does not expressly terminate upon Alice's death or remarriage, the decree expressly reserves jurisdiction in the state court to modify this award "should appropriate conditions be found". Thus, this award is non-dischargeable under 11 U.S.C. § 523(a)(5).

Similarly, the state court in its November 18, 1982, modification decree awarded Alice her expenses of $150.00 in attending the modification hearing. In so doing, the court thereby expressly found that Alice was unemployed at the time and that Rick was still employed, earning more than he was at the time of the dissolution. Section 452.355, RSMo., authorizes this award based on factors including the financial resources of the parties. Thus, this award is also "in the nature of ... maintenance" for Alice and is non-dischargeable under 11 U.S.C. § 523(a)(5).

Also, Rick agreed to assume the payments on a joint debt owed by Rick and Alice to Washington University in St. Louis, for Rebecca's tuition at that institution. In a related adversary proceeding, filed in this Court, cause no. 83–0128(SE) Washington University sought a determination that Rick's obligation to it on this indebtedness is non-dischargeable and, on August 17, 1984, this Court entered its order determining his obligation to be non-dischargeable as an education loan under 11 U.S.C. § 523(a)(8). Accordingly, this Court need not decide whether Rick's obligation to hold Alice harmless on this debt is "in the nature of maintenance or support". If Alice is forced to pay any portion of this debt that Rick has assumed, Alice's right of reimbursement for this amount from Rick will also be non-dischargeable, see *In Re Alloway*, 37 B.R. 420 (Bkrtcy.E.D.Pa.1984).

Finally, Alice seeks a determination on what is Rick's obligation to pay the premiums on "the New York Life Insurance policies for the benefit of Rebecca Proctor and Jessica Proctor". The record is devoid of any details as to whose life these policies insure. Assuming that these policies insure Rick's life, then the obvious intent of this provision was to provide a measure of security for Rick's child support obligation and, *ipso facto*, the provision is also "in the nature of ... support" within the meaning of 11 U.S.C. § 523(a)(5). The only way in which Rick might be indebted to either Alice or his daughters under this agreement would be if either Alice on one or both daughters were required to pay the premiums on these policies in order to prevent their lapse. There was no indication in the record whether this had, in fact, occurred.

The Court will enter a separate order consistent with this Memorandum Opinion.