**In re Manuel LOPEZ, Debtor.**

**Consuelo LOPEZ, Plaintiff,**

v.

**Manuel LOPEZ, Defendant.**

**Adv. No. C87–0380–H7.**

**Bankruptcy No. 87–0888–H7.**

United States Bankruptcy Court,
S.D. California.

Dec. 10, 1987.

Michael C. Turk, Michael C. Turk & Associates, San Diego, Cal., for plaintiff, Consuelo Lopez.

Don E. Bokovoy, Karp & Richardson, San Diego, Cal., for defendant, Manuel Lopez.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

### I.

At issue is whether second mortgage payments ordered in a dissolution proceeding are in the nature of support and therefore non-dischargeable. This matter came on for hearing before this court pursuant to plaintiff's motion for summary judgment.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This court grants summary judgment for plaintiff.

### II.

#### FACTS

After approximately thirteen years of marriage, plaintiff Consuelo Lopez ("Mrs. Lopez") filed a petition for dissolution in the Superior Court of California, for the County of San Diego ("Superior Court").

On September 13, 1985, the action for dissolution came to trial and a judgment of dissolution of marriage issued which, *inter alia*, affirmed the written Marital Termination Agreement ("Agreement") executed

by the parties on March 12, 1984. Paragraph 7 of the Agreement provided in pertinent part that, "[h]usband is to assume the following community debts: 1. Second mortgage on family residence to Person-to-Person in the amount of $18,000.00."

Subsequently, Mr. Lopez failed to make support payments and on February 11, 1986, was adjudicated guilty of four (4) counts of contempt for failure to pay child and spousal support during a four and one-half month period immediately subsequent to entry of the judgment of dissolution.

Thereafter, on May 23, 1986, Mr. Lopez filed a motion seeking a reduction of his support obligations to Mrs. Lopez and their minor son. On May 23, 1986, the parties entered into a stipulation which stated in pertinent part that:

1. *Arrearages.* ... [a]rrearages on the second mortgage are currently $1,800.00....

\*     \*     \*     \*     \*     \*

4. *Second Mortgage Payments.* Respondent shall continue to make the second mortgage payments on the former family residence. Respondent shall make all payments on time, and shall stay current.

Mr. Lopez again failed to make payments as required by the court order of May 23, 1986, and on February 2, 1987, Mrs. Lopez filed another contempt proceeding against Mr. Lopez.

On February 6, 1987, Mr. Lopez (hereinafter "debtor") filed his Chapter 7 petition in bankruptcy and listed Mrs. Lopez as an unsecured creditor.

Thereafter, on March 10, 1987, upon advice of counsel, the debtor voluntarily admitted contempt allegations to each of twenty-seven (27) counts of contempt. Eight of the counts of contempt related to the debtor's failure to pay the second mortgage payments on the former family residence.

In July 1987, the debtor reported for sentencing and the Superior Court fixed direct support arrearages accruing on all prior support orders through June 15, 1987, except for attorneys' fees, at $13,500.00.

Based on the record of the state court contempt proceedings, it is clear that the findings of contempt included the debtor's failure to pay the $301.00 per month second mortgage payment on the former family residence from June 1986 to January 1987.

## III.

## DISCUSSION

The debtor contends that the second mortgage payments were never intended by him or the court to be additional support. Instead, the debtor contends that the requirement that he make the second mortgage payments on the former family residence originated in the Agreement which was, according to the debtor, a property settlement. The debtor also asserts that a factual dispute exists as to the nature of the payments and the intent of the parties and that therefore these factual questions militate against granting a summary judgment in favor of Mrs. Lopez.

Section 523(a)(5) of the Bankruptcy Code provides in pertinent part that:

(a) A discharge under §§ 727, 1141, or 1328(b) of this title does not discharge an individual debtor from a debt—

\*     \*     \*     \*     \*     \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, *or other order of a court of record* or property settlement agreement, ... (emphasis added).

Contrary to the debtor's contention, the second mortgage payments are not a property settlement. The Agreement and the order thereon required the debtor to assume making the payments to the second mortgage holder on the family residence. While neither the Agreement nor the order thereon expressly labelled the payment requirement as "support," the debtor's subsequent failure to make the second mortgage payments, the contempt actions which followed and, most importantly, the debtor's voluntarily admission to the eight con-

tempt counts for failure to make the second mortgage payments on the family residence are conclusive evidence that both the Superior Court and the parties considered the debtor's requirement to make those payments as a form of spousal support. If an agreement fails to provide explicitly for spousal support, a court may presume that a so-called "property settlement" is intended for support when the circumstances of the case indicate that the recipient spouse needs support. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984).

In the present case, the record is clear and the Superior Court found that spousal support, child support, and payment on the second trust deed of $301.00 a month on the former family residence, were necessary in order for Mrs. Lopez to maintain herself and the parties' minor son. The portions of the state court record submitted to the court show that there was a substantial disparity in earnings of the parties and that the minor child of the parties was in the custody of Mrs. Lopez.

Further, whether the obligation is enforceable by contempt is an important factor which this court must consider. *In re Coffman*, 52 B.R. 667 (Bankr.D.Md. 1985). Contempt proceedings are utilized to enforce support orders of the domestic court. In this case the citation for contempt clearly cited the eight violations regarding the debtor's failure to pay the second trust deed payments. Further, the debtor, upon advice of counsel, voluntarily entered a guilty plea to all contempt counts. All of these actions clearly indicate that the debtor and the Superior Court considered the obligation to make the second trust deed payments as support payments.

The debtor cannot now come into this court and allege that he intended something different. 28 U.S.C. § 1738 requires that state court judgments be given full faith and credit in federal courts when competent evidence of such judgment is provided to the court. The record herein contains ample evidence to support this court's findings. Further, in adversary proceedings under 11 U.S.C. § 523(a)(5), a preponder-

ance of the evidence is sufficient for Mrs. Lopez to sustain her burden of proof. Therefore, in accordance with the prior findings of the state court which has considered this matter, the second mortgage payments on the Lopez' house paid by the debtor are found to be support payments to Mrs. Lopez.

## IV.

## CONCLUSION

Pursuant to 28 U.S.C. § 1738, this court finds that the prior state court adjudications on the issue of whether second mortgage payments ordered in a dissolution proceeding were in the nature of support are dispositive of any factual dispute now asserted by the debtor. Therefore, such payments are non-dischargeable in the debtor's Chapter 7 proceeding. There are no remaining issues of fact for this court to consider. Plaintiff's motion for summary judgment is granted.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for the plaintiff is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.