In re James R. ALEXANDER, Debtor.

Donna ALEXANDER, Plaintiff,

v.

James R. ALEXANDER, Defendant.

Bankruptcy No. 587–50709–7.
Adv. No. 588–5015.

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

Nov. 1, 1988.

Roderique S. Hobson, Jr., Lubbock, for Donna Alexander.

Garry O. Smith, Lubbock, for James Alexander.

MEMORANDUM OF OPINION ON DIS-CHARGEABILITY OF A DEBT PURSUANT TO 11 U.S.C. § 523(a)(5)(B)

JOHN C. AKARD, Bankruptcy Judge.

*Facts*

On January 10, 1986, Donna and James Alexander received an Agreed Decree of Divorce in Case No. 85–509,909 in the 140th District Court of Lubbock County, Texas. An Agreement Incident to Divorce (Agreement) was approved and incorporated into the Decree by reference. Section 1.06 of the Agreement Incident to Divorce dealt with division of property and stated:

The parties have carefully considered the nature and extent of their properties, together with their future individual needs for support, the difference between their earning powers, and other relevant factors. The division of the parties' estate, including assets, debts, and obligations, that is contained in this agreement is just and right, having due regard for the rights of each party.

Section 2.02 of the Agreement dealt with spousal support and read as follows:

Husband acknowledges that certain obligations to Wife have arisen from the marriage relationship and that, in consideration of the difference between the individual earning capacities of Husband and Wife, the possible future need for the support of Wife, and the benefits that might have accrued to Wife from a continuation of the marriage, this agreement contains provisions for periodic payments of contractual alimony to Wife on dissolution of the marriage.

Section 5.01 dealt with periodic payments and stated as follows:

The contractual alimony payments provided for in the section 5 are intended by both spouses to qualify as 'periodic payments' as that term is defined in § 71(a) of the Internal Revenue Code of 1954, as amended (hereinafter referred to as 'the Code'), and as such are intended to be includable in the gross income of the payee under § 71(a) of the Code and deductible by the Payor under § 215(a) of the Code. The parties therefore contemplate that all provisions of this § 5 will be interpreted in a manner consistent with that intention. The support obligation contained in this § 5 is unrelated to the division of property in this agreement, and it is not intended in any way to constitute a form of payment for any rights or interest in the estate of the parties....

Section 502 stated:

Husband agrees to pay to Wife contractual alimony in the amount of $1,000.00 per month, the first payment being due and payable on the 15th day of December, 1985 and a like payment being due and payable on the same day of each month thereafter for a period of twelve months.

In May, 1986, Donna Alexander filed suit in Cause No. 86–514,090, in the 137th District Court of Lubbock, Texas, against James R. Alexander, charging him with failure to comply with the provisions of the Agreement. Apparently the suit was

transferred to the 140th District Court because in October, 1986, Summary Judgment was rendered by that Court in favor of the Plaintiff in the amount of $10,630.46 with interest at 10%. That sum included monthly payments for the months of February, March, April and May of 1986 in the amount of $4,000.00, plus $6,000.00 in future payments due. The balance of the Judgment was attributable to monies owed to the IRS, monies owed on community indebtedness and attorney's fees or costs.

On May 15, 1987 James R. Alexander filed his bankruptcy petition in Dallas, Texas. Subsequently, the case was transferred to the Lubbock Division. In these Bankruptcy Court Adversary Proceedings the Plaintiff asserted the indebtedness in the amount of $10,000.00 under the contractual alimony agreement is nondischargeable.

At hearing held June 6, 1988, the Court heard brief testimony in this proceeding. Both parties submitted briefs on the issue. The testimony at hearing indicated that the parties entered into a contractual alimony agreement by way of Section 5.01 of the Agreement Incident to Divorce and that, at the time the Agreement was signed, both parties intended that the periodic payments be contractual alimony. Both parties agreed that the amounts due pursuant to Section 5.01 of the Agreement constituted alimony until May, 1986. However, the Debtor contended that once the debt was reduced to final judgment it lost its character as alimony and, thus, became a debt dischargeable in bankruptcy.

### Issue

The issue before the Court is: Does the amount claimed by Plaintiff in this Adversary Proceeding constitute nondischargeable alimony, maintenance or support pursuant to § 523(a)(5)(B) of the Bankruptcy Code[1] where the payments were in default and the obligation was reduced to judgment prior to the Chapter 7 filing?

---

**1.** The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

## DISCUSSION

Section 523(a)(5) excepts from discharge a debt "to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of both such spouse or child in connection with the separation agreement ... but not to the extent that—(B) such debt does include a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; ...." In other words, subsection (a)(5)(B) provides that the mere designation of a debt as alimony, maintenance or support will not bring it within the § 523(a)(5) exception unless the liability is *actually* in the nature of alimony, maintenance, or support. The purpose of the exception in § 523(a)(5)(B) is to assure that merely because a debt is designated as alimony, maintenance, or support it is not automatically found to be nondischargeable. When a debt is in dispute the court must hold an evidentiary hearing in order to determine whether it is actually in the nature of alimony, maintenance, or support within the meaning of § 523(a)(5).

█ The law of the State in which the Bankruptcy court sits is not controlling on the question of whether a debt qualifies as nondischargeable alimony, maintenance, or support. That is a determination reserved for the bankruptcy courts pursuant to the Bankruptcy Code. Therefore, even though state law might define attorney's fees and costs as alimony, the Bankruptcy Court is not bound by that definition. *Erspen v. Badgett*, 647 F.2d 550, 554 (5th Cir.1981).

█ Merger into a subsequent judgment does not cause a judgment for alimony to lose its nondischargeable character. The subsequent judgment remains unaffected by a discharge so long as the original decree for alimony remains in full force and effect. This statement is supported by numerous cases in *Collier on Bankruptcy* ¶ 523.15 n. 6. That section also states "with respect to judgment, it should be noted that the words 'or other order of a court of record' were added to § 523(a)(5) by the Bankruptcy Amendments and Federal Judgeship Act of 1984." Subsequent-

ly, in 1986, the Bankruptcy Judges, United States Trustees, and Family Farmer Bankruptcy Act of 1986 added the words "determination made in accordance with State or territorial law by a governmental unit". The bottom line is that if the parties enter into a property settlement agreement, the purpose of which is to provide maintenance for or support of a spouse and/or child, the obligation falls within the terms of § 523(a)(5) and is excepted from discharge. Additionally, any debts for which the Debtor has promised to hold the Debtor spouse harmless—to the extent that that promise is in payment of alimony, maintenance, or support—are nondischargeable. *Id.*

*Benz v. Nelson (In re Nelson)*, 16 B.R. 658 (Bankr.M.D.Tenn.1981) is a case in which the debtor asked the court to determine the dischargeability of two judgments in favor of his former wife. One judgment represented past due child support payments; the other, reimbursement for insurance, taxes, interest and mortgage payments made previously by the former wife. The Court held that the judgment representing reimbursement for insurance, taxes, interest and mortgage payments was merely a division of property and, thus, dischargeable in bankruptcy. However, the judgment representing past-due child support was clearly non-dischargeable. *See also, Smith v. Billingsley (In re Billingsley)*, 93 B.R. 476 (Bankr.N.D.Tex.1987) (holding that the portions of a money judgment which actually constituted alimony support and maintenance were non-dischargeable).

### Conclusion

█ The main issue in deciding whether a debt is for support and maintenance or is part of a division of the property is the parties' intent. *In re Coffman*, 52 B.R. 667 (Bankr.D.Md.1985). In the instant case, the parties stipulated that when they signed the Agreement they intended the periodic payments called for by the Agreement to be contractual alimony and that the two prior payments made were made as alimony. Merely because that obligation

was reduced to judgment and sued upon did not change the character of the underlying obligation. It was, and still remains, contractual alimony.

For the reasons stated above, the Court finds that the contractual alimony obligation owed by Debtor to his former wife is nondischargeable in its entirety in the amount of $10,000.00.

ORDER ACCORDINGLY.[2]

---

2. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.