**In re Arthur HAAST, Jr., Debtor.**

**Arthur HAAST, Jr., Plaintiff,**

v.

**Melvin FRUMKES, P.A., Defendant.**

**Bankruptcy No. 82–01552–BKC–SMW.**
**Adv. No. 82–0791–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 31, 1983.

William S. Cassel, Abrams, Anton, Robbins, Resnick, Schneider & Mager, Hollywood, Fla., for defendant.

Jerry Kahn, Miami Beach, Fla., for plaintiff.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause coming on to be heard upon a Complaint to Determine Dischargeability of Debt filed herein, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

The plaintiff/debtor [Arthur Haast, Jr.] seeks to have discharged a debt owed to the defendant/creditor [Melvin Frumkes, P.A.] which arose from a Court ordered award of attorney's fees in a post judgment dissolution of marriage modification proceeding. Pursuant to this award of attorney's fees ordered by the Circuit Court for the 11th Judicial Circuit of Florida on February 22, 1982, the plaintiff was required to pay the sum of ($3,000.00) to the law offices of Melvin B. Frumkes, P.A., as reasonable attorney's fees and suit money on behalf of his former wife. The subject of the modification proceeding was a document entitled "Property Settlement Agreement". The document contained eleven paragraphs, only two of which dealt with property, the remaining paragraphs dealt with child custody, child support, and various "boilerplate" provisions. Although the document was entitled "Property Settlement Agreement", its true genre is that of a maintenance and support agreement.

Section 523(a)(5) of the Bankruptcy Code contemplates that a discharge in bankruptcy does not discharge a debtor from debts for alimony to, maintenance for, or support of a former spouse in connection with a divorce decree. *In Re Spong*, 661 F.2d 6 (2nd Cir.1981).

Plaintiff contends that the legal fees, which were awarded in the modification proceeding are not in the nature of maintenance or support and are thereby dischargeable.

In order to determine whether a debt is in the nature of alimony or maintenance, or whether it is a property settlement, the Court must look to the substance

of the obligation rather than its form. *In Re Abitua,* 18 B.R. 674 (Bkrtcy.N.D.Ill. 1982); *In Re Spong,* 661 F.2d 6 (2nd Cir. 1981). In making this determination the Court in *In Re Whitehurst,* 10 B.R. 229 (Bkrtcy.M.D.Fla.1981) stated that, "[U]nless the obligation to pay a spouse's attorney's fees is clearly in the nature of a property settlement, it will be deemed nondischargeable".

■ The Court finds that the debt in the instant case, being associated with support and maintenance of spouse and children, is nondischargeable under 11 U.S.C. Section 523(a)(5). This Court hereby concludes and declares that the debt evidenced by the State Court Judgment is nondischargeable.