In re George G. BILBY, Debtor.

Deborah A. HOSKINS, Plaintiff,

v.

George G. BILBY, Defendant.

Adv. No. 1–82–0199.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 8, 1983.

William L. Keener, Bethel, Ohio, for defendant George G. Bilby.

Terence Willacker, Amelia, Ohio, for plaintiff Deborah A. Hoskins.

### DECISION

BURTON PERLMAN, Bankruptcy Judge.

Debtor (hereinafter referred to as "defendant") filed a petition for relief under Chapter 7 of the Bankruptcy Code. This case involves the dischargeability of an alleged marital obligation under 11 U.S.C. § 523(a)(5). Notwithstanding agreement of counsel at a pretrial conference that the matter was to be submitted for decision on the parties' stipulation of fact and memoranda setting forth their respective positions, no joint stipulation of fact has been filed with the court. It appears, however, from the documents which have been submitted to the court, that the following facts are not disputed and we will proceed to a disposition on these facts.

The parties were married on October 21, 1978 in Covington, Kentucky. No children were born of the marriage. Plaintiff owned real estate prior to the marriage. That real estate was sold and plaintiff received a profit of $14,000.00 from the sale. The parties then purchased property located at 2316 Swing Corner Road, Bethel, Ohio, as the marital home, and the $14,000.00 was used as the down payment on the new property. The new property was encumbered by a first mortgage to Cardinal Federal Savings and Loan Association.

The parties were divorced in Clermont County on March 6, 1981. A separation agreement signed by the parties on December 25, 1980, was incorporated into the Decree of Dissolution. The separation agreement provides in pertinent part that:

The said George G. Bilby, Sr. shall retain the parties' real estate on Swing Corner Road, subject to the encumbrance thereon, and free and clear of any claim of the said Deborah A. Bilby. The said George C. Bilby, Sr. shall execute a second mortgage in favor of the said Deborah A. Bilby on the aforesaid real estate in the amount of $14,000.00 for her interest therein. Said mortgage shall be payable in one year from the date of the within agreement together with 10% interest thereon.

The agreement does not provide in any manner for maintenance of the plaintiff. The trustee in bankruptcy abandoned the real estate on June 11, 1982 and Cardinal Federal Savings and Loan foreclosed on the property. Defendant earned $19,947.32 in 1979, $21,019.70 in 1980, and $20,646.79 in

1981, gross wages, as a mechanic for RCR Transmissions, Inc. Plaintiff's gross income was $17,406.62 in 1979, $17,711.89 in 1980, and $14,503.55, plus $691.00 in unemployment compensation in 1981.

The only issue before the court is whether defendant's $14,000.00 debt to plaintiff, secured by a second mortgage, is dischargeable under 11 U.S.C. § 523(a)(5). That section provides that:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> \* \* \* \* \* \*
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—
>
> > (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or
> >
> > (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;
>
> \* \* \* \* \* \*

For the following reasons we hold that defendant's obligation does not constitute "alimony to, maintenance for, or support of" plaintiff, and is therefore dischargeable in bankruptcy.

It is our task to ascertain the intention of the parties by considering the parties' agreement together with those surrounding circumstances which we are permitted to recognize. *In the Matter of Gentile,* 16 B.R. 381, 383 (Bkrtcy.S.D.Ohio 1982). In this case, the parties' Separation Agreement states in part that, "... George G. Bilby, Sr. shall execute a second mortgage in favor of the said Deborah A. Bilby on the aforesaid real estate in the amount of $14,000.00 *for her interest therein.*" (emphasis supplied) This language coupled with knowledge of the source of the $14,000.00 figure indicates that the obligation undertaken is to repay a debt and is not in the nature of alimony, maintenance, or support. We have defined "alimony" as "an allow-

ance for support and maintenance" and as "a substitute for marital support." *In re Diers,* 7 B.R. 18 at 21 (Bkrtcy.S.D.Ohio 1980). Repayment of a debt for money advanced is entirely different from a payment on account of marital support.

The surrounding circumstances existing here also enter into our consideration. It has been said that:

> ... factors which may be considered to characterize the payments provided for in an agreement or divorce decree include whether the obligation terminates on the death or remarriage of the recipient spouse, whether the obligation terminates on the death of the donor spouse, whether the payment appears to balance disparate incomes, and whether there are children who must be supported.

*In re Ingram,* 5 B.R. 232, 235 (Bkrtcy.N.D. Ga.1980). In the present case, the Separation Agreement does not provide that the obligation terminates on the death or remarriage of the recipient spouse or that it terminates on the death of the donor spouse. Indeed, the fact that the debt is secured by a second mortgage indicates that the obligation is not intended to terminate upon any of the above events. The respective incomes of the parties are not so disparate as to indicate that the debt was intended to balance the incomes. There was no issue from the marriage and thus no child to be supported. We note also that the obligation does not relate to living expenses. See *In the Matter of Taff,* 10 B.R. 101, 104 (Bkrtcy.D.Conn.1981), where the court stated that, "[o]bligations which do not terminate on the death or remarriage of the obligee spouse and do not expressly or inferably relate to living expenses are more indicative of property settlements than support payments." Finally, the relative brevity of the marriage, approximately two and one-half years, supports our conclusion that the obligation was not intended to constitute alimony, maintenance, or support. See *In Re Hackworth,* 27 B.R. 638 (Bankr. S.D.Ohio 1982).

This case concerns a situation where the plaintiff contributed $14,000.00 as a downpayment on the marital home and the defendant was to repay the $14,000.00 under

the terms of the Separation Agreement. Such a debt is not in the nature of alimony, support, or maintenance, but rather is for the repayment of funds advanced. This is not a situation in which the defendant was to satisfy a second mortgage in order to provide, in one manner or another, shelter for a spouse. See generally, *In Re Smith,* No. 1–81–0082 and 1–81–0083 slip op. (Bankr.S.D.Ohio 1981). Similarly, we find unpersuasive *In Re Miller,* 17 B.R. 773 (Bkrtcy.N.D.Ohio 1982), cited by plaintiff. That case is distinguishable because payment of the obligation here in question was not originally intended to enable the plaintiff to obtain and maintain suitable housing for herself. Indeed, the obligation was not even due until one year from the signing of the Separation Agreement.

We find the issues in favor of defendant and the complaint will be dismissed.