In re Robert Joseph PLOSKI, Debtor.

Alice TUNNY, Plaintiff,

v.

Robert Joseph PLOSKI, Defendant.

Bankruptcy No. 83–457.
Adv. No. 84–005.

United States Bankruptcy Court,
D. New Hampshire.

Dec. 11, 1984.

*ternational Brotherhood of Teamsters,* 40 B.R. 972 (D.Minn.1984), *aff'd* 739 F.2d 341 (8th Cir. 1984).

Deborah Reynolds, Plymouth, N.H., for plaintiff.

Erland McLetchie, Ossipee, N.H., for debtor.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case presents the ever-troublesome question of drawing a line between the "alimony-support" aspect and the "property settlement" aspect of a divorce decree, for purposes of determining whether certain of the debtor's obligations under the decree are non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. The "trouble" in these cases arises from the logical impossibility of drawing a line between the concept of "property" and "support" when the obligation in question, as in the present case, revolves around the former family home which was given to the wife to serve as a residence for herself and the children of the marriage.

The question is made more difficult for the bankruptcy court when, as in most cases, neither the parties nor the state court in the divorce proceeding make those distinctions which are crucial to the bankruptcy determination. This of course is understandable since those distinctions are largely irrelevant for purposes of state divorce law.

The debtor Robert Joseph Ploski and his ex-wife were divorced in 1979. The divorce decree provided that the debtor would pay his ex-wife $40 per week for support and maintenance until her remarriage, and $60 per week per child, for the support and maintenance of the children until their reaching the age of majority. In addition the decree awarded the family residence to the ex-wife, subject to "... the mortgage thereon, which the plaintiff [wife] agrees to assume and pay."

After the divorce the ex-wife discovered a second mortgage on the family residence, in the principal amount of $15,000.00, which had been placed on the home ten months prior to the divorce by her ex-husband. The proceeds of this mortgage had been used by the ex-husband to purchase another property, which property he was awarded as part of the property settlement in the divorce proceedings.

Upon demand by his ex-wife, the debtor in 1979 agreed to assume financial responsibility for the second mortgage payment, and made a number of such payments to protect the ex-wife's rights to the family residence against a threatened foreclosure.

When the debtor failed to continue to make such payments, the ex-wife brought a "Petition for Modification and Other Relief" in the State Court in 1980, alleging the foregoing facts, and stating that the stipulation agreed to at the time of divorce "did not take into consideration the fact that there was a second mortgage on the parties homestead" and that there had been "a substantial and material change of circumstances since the effective date of the divorce decree which warrants a modification of the support provisions of said decree." The petition closed with a prayer that the ex-husband "be ordered to assume and pay the outstanding second mortgage

to the [bank] ... or that the current support order be increased so that the plaintiff will have the financial wherewithal to assume and pay said mortgage."

In April of 1980 the State Court granted the ex-wife's petition to the following extent:

"The defendant is ordered to assume and pay the promissory note secured by second mortgage on the plaintiff's home saving the plaintiff harmless from any liability on the same. Said payments are in the amount of $210.38 monthly and the defendant is ordered to make such payments forthwith as may be necessary to forestall foreclosure proceedings on the home. Other requests in the plaintiff's petition are denied. In all other respects the Stipulation made part of the divorce decree of March 7, 1978 shall remain in full force and effect."

The debtor made a number of payments under this modified order, but thereafter again went into arrears, resulting in a foreclosure sale of the home being scheduled by the second mortgagee. At that point, on March 24, 1982, the parties entered into a stipulation under which the ex-wife was given a mortgage upon an apartment building owned by the debtor, to secure a note in the amount of $13,500.00, being the amount then owing on the second mortgage, which sum was to be paid off in 108 equal monthly installments of $125.00 each. The debtor made a number of these payments.

On October 7, 1983 the debtor filed his voluntary petition with this court under Chapter 7 of the Bankruptcy Code. He listed in his schedules the foregoing mortgage debt in the paid-down amount of $12,-125.00. It is this debt which the ex-wife contends is in its nature a support obligation non-dischargeable pursuant to § 523(a)(5) of the Code.

The State Court in entering its modification order did not expressly characterize the obligation created in terms relevant to the issues under the Bankruptcy Code. It is of course well established that the question as to what constitutes alimo-

ny, maintenance or support is to be determined under the bankruptcy laws and not the state laws. 3 *Collier on Bankruptcy*, 15th Ed., § 523.15 (1), pp. 523–110 (1984). The Bankruptcy Court however must start with the general statutes and case decisions relating to divorce proceedings under the particular state law in fashioning a context within which to reach its own decision. In this case the court notes that under New Hampshire law a property settlement in a divorce proceeding is binding and may not be retroactively modified due to change of circumstances. *Douglas v. Douglas*, 109 N.H. 41, 242 A.2d 78 (1969). On the other hand, continuing obligations such as alimony and child support determinations remain subject to modification by subsequent court order. *Stebbins v. Stebbins*, 121 N.H. 1060, 438 A.2d 295 (1981).

In construing the State Court's action in the present case, the court adopts the standard ennunciated in *In re Vickers*, 24 B.R. 112, 7 C.B.C.2d 849, 850–851 (M.D.Tenn. 1982), as appropriate:

"The Bankruptcy Court may be influenced but is not bound by the State Court's characterization of the award. The legislative history regarding § 523 (a)(5) indicates that Congress intended a Bankruptcy Court to scrutinize closely the divorce decree and develop appropriate federal standards. ... A Bankruptcy Court has a duty to examine the divorce decree and make an independent determination whether the liabilities labeled in the divorce decree as alimony, support, or maintenance are indeed such and are therefore non-dischargeable, or whether the payments are in the nature of the property settlement."

A number of pertinent factors to be considered in making this characterization were set forth in *Benz v. Nelson*, 16 B.R. 658, 660–661 (M.D.Tenn.1981) of which the most pertinent to the present case include the questions of whether the obligations of payment terminate upon the death or remarriage of the spouse benefitted by the payment; whether the obligations terminate when the dependent children reach

majority or are otherwise emancipated; and whether there is evidence that the spouse relinquished rights and support in payment of the obligations. The first two of these factors would indicate a "property settlement" characterization of the obligation in the present case, but the third factor would indicate a "support" characterization. The fact that an indirect obligation to hold the debtor's spouse harmless on a joint debt was involved in the present case does not defeat a "support" characterization, since the legislative history of § 523 indicates a legislative intent to include such obligations in the non-dischargeable category, provided that the nature of the particular debt involved indicates a support obligation. Senate Report No. 989, 95th Congress, Second Session, 79 (1978), reprinted in 1978 U.S. Code and Congressional Admin. News 5787, 5865.

■ The issue in the present case has been submitted to the court on cross-motions for summary judgment which have laid before this court essentially the entire relevant record in the state court divorce proceedings. On balance, after reviewing that record and the circumstances of the parties, this court concludes that what the State Court did in both the 1979 original divorce decree, and in the 1980 modification order, was to determine a support obligation for the ex-wife and children at a level which it determined to be adequate *based on the assumption that the family home given to the ex-wife for the necessary shelter of herself and her children was subject to only one mortgage payment which would have to be paid by the ex-wife.* When the second mortgage obligation came to light, the court required the debtor to assume and pay that obligation and in context did so necessarily in lieu of raising the support obligation by an equal amount.

This construction of the State Court action leaves the obvious inconsistency that the State Court did not, in its 1980 modification order, limit the debtor's obligation on the second mortgage payments to the period up to the remarriage of the ex-wife, or to the age of majority or emancipation of the children, that normally would be provided with regard to support obligations. This inconsistency is not sufficient, however, to require a contrary characterization of the state court action in the circumstances, since it is obvious that neither the state court nor the parties were focusing on bankruptcy considerations at the time in question. This court is convinced that the state court would have made appropriate provisions regarding the preservation of the family home for the ex-wife and children for the appropriate periods, free of a foreclosure set by the second mortgagee, and free of possible loss of such protection in the event of bankruptcy, if that issue had been directly addressed at that time.

The Bankruptcy Court as a Court of equity can fashion an appropriately flexible decree and judgment to take into account the foregoing factors—and to avoid exalting substance over form—in disposing of the matter before the court. Accordingly, the court rules that obligation in question is non-dischargeable under § 523(a)(5) of the Bankruptcy Code, but only to the extent that the monthly payments on the obligation track the same period of continuing support obligation of the ex-wife and the children that existed or exists under the basic divorce decree.

In reaching this determination, the court is mindful of the case of *In re Demkow*, 8 B.R. 554 (N.D. Ohio 1981), cited by the debtor, which apparently holds that if the divorce documents use the label "property settlement" the Bankruptcy Court cannot look behind that characterization. This court declines to follow that ruling.

Counsel shall settle a judgment in accordance with the ruling herein made within thirty days or, in the absence of reaching an agreement upon form of judgment, the plaintiff shall notice the same for further hearing.