**In the Matter of Robert John BREEN, Debtor.**

**David S. SHAMERS, Plaintiff,**

**v.**

**Robert John BREEN, Defendant.**

**Bankruptcy No. 84–382.**
**Adv. No. A–85–7.**

United States Bankruptcy Court,
D. Delaware.

April 9, 1985.

## TRANSCRIPT OF BENCH DECISION

HELEN S. BALICK, Bankruptcy Judge.

Robert John Breen filed a Pro Se Chapter 7 petition on October 31, 1984. In his statement of liabilities, he listed a debt of $1200 to David S. Shamers, Esquire.

Mr. Shamers, on February 26, 1985, filed a complaint against Mr. Breen asking that the debt due him be declared nondischargeable. Mr. Breen did not answer the complaint but appeared in court at the time scheduled for trial in the Summons and Notice of Trial served on him by regular mail on February 28, 1985.

Mr. Breen admits that numerous hearings were held in Family Court on the question of support and alimony for his ex-wife from June 1983 to April 1984. In connection with those hearings, Mr. Shamers was awarded attorney's fees of $1200 to be paid for services performed for Mrs. Breen. Exhibits A, B and C attached to the complaint are photocopies of orders of the Family Court finding Mrs. Breen dependent and after consideration of the financial responsibilities of both Mr. and Mrs. Breen directed the continuance of alimony at the rate of $200 per month until the earlier of certain conditions were met as provided under Delaware law. 13 Del.C. § 1512.

Thereafter, the payments were to continue at the same rate per month in payment of Mr. Shamers' attorney's fees. 13 Del.C. § 1515. Mr. Breen filed a bankruptcy petition at approximately the time the alimony payments ceased. Thus, no payments were made to Mr. Shamers on his court ordered attorney's fees.

The pertinent language of Section 523(a)(5) of Title 11 provides that the debt-

or's discharge does not discharge any debt to a spouse or former spouse for alimony to, maintenance for, or support of such spouse that came about by an order of a court of record. If that debt is not actually in the nature of alimony, maintenance or support, it is dischargeable. That brings us to the issue of whether this award of attorney's fees is in the nature of alimony, maintenance or support.

The admitted facts, as well as the court orders, disclose that the entire proceeding dealt with support or alimony for Mrs. Breen. The purpose of directing one party to pay the other party's attorney's fees is to equalize the positions of the parties in domestic relations cases and to provide the needier individual with the financial means of prosecuting or defending a court action. Therefore, the order to pay Mrs. Breen's attorney's fees is so tied in with the award of alimony as to be in the nature of alimony even though it is not payable to Mrs. Breen. It is payable to Mr. Shamers on her behalf.

An order will be entered declaring the debt nondischargeable and subject to the Family Court orders.