**In re Salvatore & Rosemary TOSTI, Debtors.**

**Frances TOSTI, Plaintiff,**

v.

**Salvatore TOSTI, Defendant.**

**Bankruptcy No. 81–06231.**
**Adv. No. 82–0936TH.**

United States Bankruptcy Court,
D. New Jersey.

April 2, 1986.

Robert H. Obringer, Levenson, Vogdes, Nathanson & Cohen, Marlton, N.J., for plaintiff.

Janet L. Gold, Law Offices of William V. Eisenberg, Haddenfield, N.J., for debtor-defendant.

OPINION

WILLIAM H. GINDIN, Bankruptcy Judge.

The within matter presents questions concerning the dischargeability of certain debts arising from a matrimonial action wherein the debtor, Salvatore Tosti, was the plaintiff and the plaintiff herein, Frances Tosti, was defendant. A decree was entered on January 24, 1980 adjudicating the rights of the parties. In pertinent portion the decree rendered in the Superior Court of New Jersey, Chancery Division, Burlington County, by the Honorable Dominick J. Ferrelli, JSC, (Docket No. M–20859–76) provided for custody and visitation of the minor children and alimony provision as follows:

IT IS FURTHER ORDERED that beginning February 1, 1980, the Plaintiff shall pay to the Defendant through the Burlington County Probation Department, the sum of One Hundred, Sixty ($160.00) Dollars per week for alimony and support for the four children, allocated Thirty-two ($32.00) Dollars per week per person ...

IT IS FURTHER ORDERED that the following support arrearages are fixed as of February 1, 1980, to be paid by Plaintiff to Defendant ... TOTALING approximately—$2,766.00.

All other arrearages pursuant to any previous Order of this Court or of the

Juvenile and Domestic Relations Court are hereby cancelled and vacated, due to the Plaintiff's inability to pay the arrearages; and

IT IS FURTHER ORDERED that Plaintiff forthwith, shall convey all of his right, title and interest in the former marital premises, known as 10 Village Avenue, Marlton, New Jersey, to the Defendant, said conveyance to be accomplished through appropriate instruments; and

IT IS FURTHER ORDERED that the Plaintiff shall be obligated to continue to make current payments on the 1st and 2nd mortgage currently encumbrancing 10 Village Avenue, Marlton, New Jersey, and shall hold the Defendant harmless from obligations secured by the 1st and 2nd mortgage; and

IT IS FURTHER ORDERED that Plaintiff shall have exclusive ownership of Tosti Enterprises, Inc. and Defendant shall execute any documents necessary to vest full ownership thereon to the Plaintiff.

Judgment of Divorce, p. 3, 4.

Other paragraphs related to the debts of Tosti Enterprises, the division of personalty and, with respect to attorneys' fees provided:

IT IS FURTHER ORDERED that a Judgment in the amount of Five Thousand Four Hundred ($5,400.00) dollars against the Plaintiff, Salvatore Tosti, individually, and Tosti Enterprises, Inc., in favor of Joseph F. Polino, Esquire, shall be entered and docketed in the Superior Court.

This Judgment shall be for services rendered by Joseph F. Polino, Esquire, to the Defendant in this litigation and shall not be deemed dischargeable in bankruptcy.

Judgment of Divorce, p. 5, 6.

The parties have requested the Court to determine the dischargeability of the support arrearages, the payments on the mortgages, and the attorneys' fees.

The defendant concedes (defendants Pretrial Memorandum page 2) that the support arrearages are non-dischargeable. This court concurs that that is an appropriate statement of the law and no further discussion is necessary. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

The issue of attorneys' fees is likewise easily disposed of. While one can easily posit a case in which attorneys' fees are incurred for the sole purpose of dividing property between the parties, the more common situation and the one apparent from the most cursory reading of the divorce decree is that the attorneys' fees in the instant case are clearly set forth as a matter of support and the payment by the husband of necessaries.

In our own jurisdiction Judge Commisa in *Matter of Dorman*, 3 C.B.C. 2d 497 (N.J.1981), determined that the test was whether or not the attorneys' fees were "needs" or "necessaries" and "essential to maintain a spouse in a manner commensurate with her former status as a wife" 3 C.B.C. 2d at 499. Judge DeVito in *Matter of Romeo*, 16 B.R. 531 (Bkrtcy.N.J.1981) made a similar determination. *See also In re Williams*, 703 F.2d 1055 (8th Cir.1983).

The real issue in the instant case is whether or not that portion of the divorce decree which transfers the premises to the wife but makes the husband liable for the payment of the mortgages constitutes alimony and support such that the debts would be non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(5) which provides in pertinent part:

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree, or other order of a court of record ...

The initial determination which must be made is whether or not the bankruptcy court is bound by the state court findings. The law unquestionably places the burden of the determination on the bankruptcy court. *In re Bedingfield*, 42 B.R. 641 (SD Ga.1983). The legislative history of the Bankruptcy Code is equally clear. H.R.

Rep. No. 95–595, 95th Cong., 1st Sess. 363, 364 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 1977–79 (1978), *reprinted in* 1978 *U.S. Code Cong. & Ad. News,* p. 5787, 6320. In appropriate cases the issue of whether or not the debt is the subject of a payment from one spouse to the other or in the alternative an indemnification by one spouse of a debt paid by the non-debtor spouse is irrelevant to a determination of whether or not the debt is dischargeable. *Matter of Coil,* 680 F.2d 1170 (7th Cir. 1982), *Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984).

The courts have also held consistently that the burden of proof for the establishment of a cause of action for non-dischargeability rests upon that person who is asserting the non-dischargeability of the debt. *In re Gabele,* 15 B.R. 221 (Bkrtcy. ND Ohio 1981), *In re Helm,* 48 B.R. 215 (Bkrtcy. WD Ky.1985). The leading case was decided by the 6th Circuit in 1983. *In re Calhoun,* 715 F.2d 1103 (6th Cir.1983). There the Sixth Circuit held that the bankruptcy court had the power to find that hold harmless clauses created non-dischargeable obligations if the burden of proof was met. *See also In re Spong,* 661 F.2d 6 (2d Cir.1981).

This Court must therefore determine what tests it should apply to make a finding as to whether or not the particular payments set forth in the divorce decree constitute alimony and support. In *In re Coffman,* 52 B.R. 667 (Bkrtcy.D.Md.1985) Judge Mannes set forth an exhaustive list analyzing every factor he could extract from the reported cases. The factors he set forth were as follows:

1. Whether there was an alimony award entered by the state court.

2. Whether there was a need for support at the time of the decree; whether the support award would have been inadequate absent the obligation in question.

3. The intention of the court to provide support.

4. Whether debtor's obligation terminates upon death or remarriage of the spouse or a certain age of the children or any other contingency such as a change in circumstances.

5. The age, health, work skills and educational levels of the parties.

6. Whether the payments are made periodically over an extended period or in a lump sum.

7. The existence of a legal or moral "obligation" to pay alimony or support.

8. The express terms of the debt characterization under state law.

9. Whether the obligation is enforceable by contempt.

10. The duration of the marriage.

11. The financial resources of each spouse, including income from employment or elsewhere.

12. Whether the payment was fashioned in order to balance disparate income of the parties.

13. Whether the creditor spouse relinquished rights of support in payment of the obligation in question.

14. Whether there were minor children in the care of the creditor spouse.

15. The standard of living of the parties during their marriage.

16. The circumstances contributing to the estrangement of the parties.

17. Whether the debt is for past or future obligation, any property division, or any allocation of debt between the parties.

18. The treatment of the payment by the debtor spouse.

52 B.R. at 674, 675.

In evaluating the response to the each of the questions, it is important to note that many of them do not apply in the instant case.

1. Judge Ferrelli in fact entered an alimony award. Since this court does not have jurisdiction over alimony and support except in the most unusual of cases, the adequacy or completeness of such an award cannot be challenged. Furthermore it was entered more than six years ago and its adequacy cannot be measured by present standards.

2. Clearly there was a need for support and the court addressed that provision.

3. The intention of the court is absolutely ascertainable from the divorce decree itself. The court knew perfectly well what the difference between dischargeability and non-dischargeability was. With respect to the attorneys' fees, it left nothing to chance. Furthermore since the court did in fact refer to the dischargeability issue in its decree, it must be assumed that it was familiar with the content of the law of New Jersey. In *Stein v. Fellerman*, 144 N.J. Super. 444, 365 A.2d 1382 (App.Div.1976), the court specifically indicated that a requirement to pay a mortgage was dischargeable in bankruptcy. While not dispositive of the issue in the bankruptcy court, it is a clear indication of the intention of Judge Ferrelli as expressed in the divorce decree. Judge Ferrelli must also be presumed to have been aware of the holding in *Pelusio v. Pelusio*, 130 N.J.Super. 538, 328 A.2d 10 (App.Div.1974), wherein the Appellate Division of the Superior Court specifically held attorneys' fees to be non-dischargeable. The same distinction made in the divorce decree in the instant case.

4. In order to constitute a non-dischargeable debt, a key test is whether or not the obligation terminates on the death or remarriage of a spouse. *Melichar v. Ost*, 445 F.Supp. 1162 (D.Md.1977). No such determination is provided here and it must be presumed that the obligation would continue until the debt was paid.

Other factors such as the age and work skills were apparently taken into account by the state court judge as were the questions of obligations to support, enforceability by contempt, the duration of the marriage, the financial resources of the parties and the various circumstances involving standard of living, children, estrangement, past or future obligation and tax treatment. Factors such as the characterization of the debt under state law and the relinquishment of other rights in a voluntary agreement are inapplicable to the instant case.

Factor No. 12 concerning the fashioning of the order in order to balance the disparate incomes of the parties is one which must be considered. An overall examination of the quoted terms of the state decree would indicate that rather than making the distribution in order to equalize disparate incomes, Judge Ferrelli was in fact equalizing the property distribution.

In *In re Ploski*, 44 B.R. 911 (Bkrtcy.D.N.H.1984) Judge Yacas stated that there exists an "ever-troublesome question of drawing a line between the 'alimony-support' aspect and the 'property settlement' aspect of a divorce decree, for purposes of determining whether certain of the debtors' obligations under the decree are non-dischargeable ..." 44 B.R. 912.

Troublesome though it may be, in the instant case it is clear that the court intended the payment of the mortgage to be an equalization of the property settlement aspect of the divorce. That being the case, under 11 U.S.C. § 523(a)(5) the debt created by the hold harmless obligation of the husband with respect to the mortgages on the property conveyed to the wife is dischargeable under the bankruptcy code.

It is therefore ORDERED:

1. The arrearages for support as set forth in the decree of in the amount of $2,766.00 and any judgment rendered thereon is non-dischargeable.

2. The attorneys' fees in the amount of $5,400.00 due from Mr. Tosti to Mrs. Tosti are non-dischargeable.

3. The balance due on the 1st and 2nd mortgages on the former marital premises at 10 Village Avenue, Marlton, New Jersey is dischargeable.

Counsel for the debtor shall submit an appropriate order within ten days of the date hereof.