**In re David B. GIBSON, Debtor.**

**Jane (Gibson) ROSELL, Plaintiff,**

**v.**

**David GIBSON, Defendant.**

**Bankruptcy No. 84–073.**
**Adv. No. 85–40.**

United States Bankruptcy Court,
D. New Hampshire.

July 3, 1986.

998

Jane C. (Gibson) Rosell, pro se.

Terrie Harman, Portsmouth, N.H., for debtor.

Francis Gaimari, Lowell, Mass., for plaintiff.

Diane Puckhaber, Concord, N.H., trustee.

## MEMORANDUM OPINION AND ORDER

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding was tried before the court on the plaintiff's contention that a certain portion of a divorce decree between the parties constitutes nondischargeable "alimony, maintenance, or support" within the meaning of § 523(a)(5) of the Bankruptcy Code. The plaintiff ex-wife and the debtor-defendant were divorced by virtue of a divorce decree entered on May 2, 1978 by the Superior Court, Strafford County, State of New Hampshire. The debtor filed his chapter 7 bankruptcy petition with this court on February 29, 1984.

By virtue of various pretrial orders entered in this proceeding, the issue to be determined by this court has been narrowed down to the question of whether the following stipulation included in the divorce decree involved a dischargeable property settlement obligation rather than a nondischargeable alimony and support obligation:

"That the libelee [the debtor-defendant here] begin payment of a total of $8,800.00 (4,300.00 aforementioned debt plus 4,500.00 equity) in August of 1979, on a ten year payment schedule with 13 percent annual interest...."

Also by virtue of the pretrial orders, the only issue presently before this court is the question of the $4,500.00 item referred to in the foregoing passage.

The evidence before the court establishes that this provision of the stipulation between the parties, which was incorporated in the divorce decree, had to do with the "split of the equity" in the family home

which was to be retained by the husband pursuant to the agreement of the parties. As such, the agreement on its face clearly was a property settlement nondischargeable in bankruptcy, particularly in view of the fact that the obligation was a fixed obligation for a period of years not contingent upon the remarriage of the wife or obtaining of majority of the children. This has been the result in cases factually similar to the present case. See, *In re Bilby*, 27 B.R. 440 (Bankr.S.D. Ohio 1983); *In re Brassard*, 11 B.R. 90 (Bankr.N.D.Ill.1981).

The plaintiff argues however that the actual support payments ordered in the divorce decree, in the amount of $35.00 weekly, were set artificially low in consideration of the plaintiff's expectation of receiving payments from the equity split agreement after one year when her AFDC payments were to cease. The plaintiff further argues that the support level set in the divorce decree was low when compared to the debtor's then monthly income of $1,700.00 per month.

The debtor actually voluntarily increased the support payments to $60.00 per week as of April, 1979, and $75.00 per week in October, 1983, notwithstanding the foregoing provisions of the divorce decree.

■ This court can of course recharacterize the nature of obligations set forth in a divorce decree in record with their true substance for § 523(a)(5) purposes. *In re Ploski*, 44 B.R. 911 (Bankr.N.H.1984). On a proper showing, what might first appear as a property settlement transaction may be determined to involve an actual agreement, or clearly-implied understanding, that the obligation was in lieu of support payments. *In re Ploski*, supra.

■ The court has reviewed the evidence in the present case in that light and concludes that there was no such understanding between the parties at the time of the divorce settlement and decree in April of 1978. It is important to note in this regard that *subsequent* transactions or changes in conditions effecting the parties have no bearing upon the decision a bankruptcy court has to make in construing a § 523(a)(5) issue. *In re Vickers*, 24 B.R. 112 (Bankr., M.D.Tenn.1982).

■ On that basis, I find that as of April of 1978, when the parties made their agreement, the plaintiff was willing to accept the support level therein provided, in consideration of the shaky financial condition of the debtor-defendant at that time. While he was "drawing" substantial money from his business it was apparent even then that the business was not profitable and could not sustain such draws. The reason the home was retained by the debtor in the divorce was to permit him to attempt to salvage his business enterprise being operated at that location.

The fact that the parties in 1979 considered the $4,500.00 item as a true property settlement is corroborated by certain additional facts. First, when the debtor's financial condition permitted, he voluntarily increased his support payments even though he also had the property settlement obligation coming due at about the same time. Second, when the plaintiff filed proceedings in the divorce court in 1984 and 1985 seeking modification of the support obligation, and certain changes in visitation rights, she made no reference to the $4,500.00 item as being in the nature of support.

The plaintiff in fact in the 1985 petition in the state court stated as one ground for increased child support the following:

"That all of said debts (including his debt to the plaintiff of $8,800.00 pursuant to paragraph 6 of the permanent stipulations) have been discharged in bankruptcy in 1984, and in any event defendant is now essentially free of his debts."

Based on the totality of the evidence before this court I conclude that the obligation here in question was not only in form but in substance a true property settlement agreement and therefore is dischargeable in bankruptcy. A separate judgment to that effect shall be entered. Nothing in this court's decision of course has anything to do with the continuing

obligation of the debtor to honor his child support obligations, as those obligations have been determined in the past by the state court, or as they may be modified from time to time by that court.