**In the Matter of Paul A. BRENEGAN, Debtor.**

**Alfred J. LINDH, Plaintiff,**

**v.**

**Paul A. BRENEGAN, Defendant.**

**Bankruptcy No. 89–228.
Adv. No. 89–59.**

United States Bankruptcy Court,
D. Delaware.

Dec. 6, 1990.

Alfred J. Lindh, Wilmington, Del., pro se.

Thomas D. Runnels, Newark, Del., for debtor/defendant.

### MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Alfred J. Lindh, the attorney for debtor's ex-wife, filed a complaint asking the court to determine whether an award of attorney's fees arising from a matrimonial action constituted an exception to discharge under 11 U.S.C. § 523(a)(5). The following

is the court's findings of fact and conclusions of law.

On January 27, 1987, Paul A. and Jo Ellen Brenegan were granted a divorce in the Family Court of the State of Delaware. Litigation of various related matters continued until October 13, 1988, at which time Judge Robert W. Wakefield ordered the distribution of marital assets and debts. In a separate order dated December 9, 1988, the Family Court awarded counsel fees to plaintiff Alfred J. Lindh, attorney for Mrs. Brenegan, as well as to Mrs. Brenegan's two predecessor attorneys, Thomas D. Shellenberger and Kenneth F. Carmine, against Paul A. Brenegan.

On April 21, 1989, Paul A. Brenegan filed a Chapter 13 petition. In his statement of liabilities, Mr. Brenegan listed a debt of $5,736.87 to Alfred J. Lindh, Esquire.

Thereafter, Mr. Lindh filed a complaint against Mr. Brenegan asking that the debt due him be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The pertinent language of § 523 provides:

Section 523   Exceptions to discharge
(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement ...

■ In his answer to the complaint, Mr. Brenegan denied liability on the basis that Mr. Lindh's claim is precluded by the plain meaning of § 523. Mr. Brenegan contends that since the statute explicitly exempts from discharge only those debts owed to a spouse, former spouse, or child of the debtor, it is inapplicable to cases where, as here, the debt is owed directly to a third party.

This argument is without merit. It is well-established that a term in a divorce decree requiring payment of an attorney's fee directly to the attorney is not an assignment as contemplated by the statutory exception of § 523(a)(5). *In re Calhoun*, 715 F.2d 1103, 1107 (6th Cir.1983); *In re Stanjevich*, 96 B.R. 138, 139 (Bankr.S.D. Ohio 1989). See also *In re Knabe*, 8 B.R. 53, 55 (Bankr.S.D.Ind.1980).

■ Mr. Brenegan further contends that the nondischargeability provisions of § 523 do not apply to Mr. Lindh's claim because the Family Court's award of attorney's fees was part of a division of marital property and not an award of alimony, maintenance or support.

Mr. Lindh argues that the Family Court's judgment is spousal support and therefore a debt which is nondischargeable in bankruptcy. He maintains that the character of the counsel fee award is determined by its function rather than by reference to the nature of the underlying legal services.

In support of his position, Mr. Lindh relies on *Shamers v. Breen*, 50 B.R. 454 (Bankr.D.Del.1985). In *Breen*, this court found a Family Court award of attorney's fees to a debtor's spouse to be "so tied in with the award of alimony as to be in the nature of alimony," despite the fact that it was payable directly to the attorney. *Id.* at 455. In holding that the debt was therefore nondischargeable under 11 U.S.C. § 523(a)(5), this court reasoned that:

The purpose of directing one party to pay the other party's attorney's fees is to equalize the positions of the parties in domestic relations cases and to provide the needier individual with the financial means of prosecuting or defending a court action. *Id.* at 455.

■ Thus, as Mr. Lindh correctly points out, the relevant inquiry in this case is whether the award is in the nature of support or part of a property settlement. If a particular debt is a support obligation, it is not dischargeable. If it is part of a property settlement or has some other purpose, then it is dischargeable. *In re Barac*, 62 B.R. 713, 716 (Bankr.E.D.Mo.1985); *In re Williams*, 703 F.2d 1055, 1057 (1983). In making its determination, this court should look to the substance rather than

the form of the award. Id. at 716; *In re Wadleigh,* 68 B.R. 499, 503 (Bankr.D.Vt. 1986). It must also be remembered that the burden of proof rests with the party asserting the nondischargeability of the debt. *Barac,* supra at 717; *In re Tosti,* 62 B.R. 131, 133 (Bankr.D.N.J.1986).

According to the facts adduced at trial, the counsel fees in question were not awarded as part of a property settlement, but rather as a means to provide Mrs. Brenegan with the financial resources necessary to prosecute her divorce action. Mrs. Brenegan did not work outside the home during marriage, thus precluding her from accumulating exclusive and substantial personal resources. The couple's two minor children live with her. She is responsible for payment of the mortgage, insurance, taxes and upkeep of the marital residence.

In his findings of fact dated October 13, 1988, Family Court Judge Robert W. Wakefield described the present income of debtor's spouse as "marginally adequate," as contrasted to that of Mr. Brenegan, which he believed was "higher than actually declared." (Findings of fact p. 11).

Thus, viewing the circumstances as a whole, the facts indicate that the award of the Family Court was in the nature of support and is therefore nondischargeable under 11 U.S.C. § 523(a)(5).