In re David John FOEGE, Debtor.

Danna L. ANDERSON, Plaintiff,

v.

David John FOEGE, Defendant.

Bankruptcy No. 95–3052–9P7.
Adv. No. 95–477.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

May 15, 1996.

David McElrath, Naples, FL, for Plaintiff.

Christian Felden, Naples, FL, for Defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

In this Chapter 7 liquidation case, the matter under consideration is the dischargeability vel non of an obligation of the Debtor, David John Foege (Debtor) owed to Danna L. Anderson (Plaintiff), represented by a Final Judgment of Dissolution (Defendant's Exhibit No. 1) entered by the Circuit Court in and for Collier County, Florida, on January 13, 1995. The Plaintiff is the former wife of the Debtor who contends that the sum of $7,500, which is still admittedly due and owing by the Debtor to her, should be excepted from the overall protection of the general bankruptcy discharge by virtue of Section 523(a)(5) of the Bankruptcy Code in that the obligation is in fact the nature of actual support. The relevant facts, as developed at the final evidentiary hearing, are as follows.

Although it is unclear from this record, it appears that the Plaintiff and the Debtor had a relationship for some time prior to their marriage, while the Plaintiff was still residing in St. Louis, Missouri. The Debtor, who is a graduate of law school, although he never practiced law, also obtained a Ph.D in Public Administration and has extensive business background. At the time relevant, the Debtor resided in Marco Island, Florida, where he was in the process of establishing an insurance program for a trade association and was also attempting to set up an export business in Venezuela, particularly concerning the sale of Humvies, four-wheel all terrain vehicles primarily used by the armed services.

Some time in 1993, the Debtor suffered a series of serious heart attacks which ultimately required not only quadruple bypass surgery but also a heart transplant. In order to care for the Debtor during this medical crisis, the Plaintiff quit her position in St. Louis where she was employed by an art gallery and moved to Marco Island, Florida. Prior to resettling in Florida, the Plaintiff disposed of some personal properties which she considered to be unnecessary and no longer needed, and used the proceeds obtained from the sale to pay for the transportation costs of the remaining property which she brought with her to Florida. She also sold her vehicle, in light of the fact that the Debtor owned two vehicles, and the proceeds of the sale were used to meet their general living expenses.

Some time in 1993, the parties married; however, the marriage soon turned sour and in March 1994, the Debtor filed a Petition for Dissolution of the marriage, after they had lived together as husband and wife for slightly over 120 days. Notwithstanding the fact that the Debtor had filed the Petition for Dissolution, the Plaintiff remained in the marital home until the Debtor filed a Motion in the Circuit Court where the divorce was pending and sought to compel the Plaintiff to vacate the residence. Prior to the actual hearing on that Motion, the parties and their respective attorneys met in an attempt to reach a global settlement of their respective rights in connection with the dissolution of the marriage. It appears that the Plaintiff demanded the sum of $10,000 from the Debtor, which sum, according to the attorney representing the Debtor, was intended to "make her whole" for the personal property she had disposed of in anticipation of moving in to the Debtor's home and to enable her to purchase an automobile to replace the one the parties had sold. The parties reached an agreement which was ultimately embodied in a Stipulated Order on Husband's Motion for Temporary Exclusive Use of Home (Stipulated Order) (Plaintiff's Exhibit 1) entered by the Circuit Court on May 31, 1994.

In the Stipulated Order, the Debtor agreed to pay the Plaintiff the sum of $2,500 within five days of the date of the Stipulated Order and, as a quid pro quo, the Plaintiff agreed to move out of the marital home. In addition, the Debtor agreed to permit the Plaintiff to use an automobile until the $7500 balance of the obligation was paid. It is without dispute that the Debtor did, in fact, pay the Plaintiff the sum of $2,500, and give her an automobile for temporary use, and that the Plaintiff moved out upon receipt of the $2,500 as agreed, but that the Debtor never paid the balance of $7,500, which is the amount involved in the matter under consideration.

The Final Judgment of Dissolution is silent as to the character of the Debtor's obligation to pay the Plaintiff the amount fixed except to the extent that it makes the following brief reference: "A Stipulated Order has been entered in this matter on May 31, 1994 establishing all questions of ownership of property between them." It is without dispute that at the time the marriage was dissolved and even at the time Plaintiff vacated the marital home, that she was not employed. After moving out, the Plaintiff obtained two part-time jobs and is now employed on a full-time basis at an art gallery.

Basically, these are the essential facts based on which the Plaintiff contends that she is entitled to a determination by this Court that the balance owed to her based on the Final Judgment of Dissolution of the Circuit Court is a nondischargeable obligation because it is in the nature of support pursuant to Section 523(a)(5) of the Bankruptcy Code.

■■■■ The dischargeability of obligations relating to separation or divorce proceedings has been litigated extensively, both before and after the enactment of the Code. Over the years, courts have developed certain hallmarks and established certain principles which are now well-recognized. The first is that the label placed on the obligation is not relevant and the question of whether or not the specific obligation imposed on the spouse as part of a marriage dissolution is, in fact, in the nature of alimony and support is a federal question governed by federal law. *E.g., In re Garrard,* 151 B.R. 598 (Bankr.M.D.Fla. 1993); *In re Burns,* 149 B.R. 578 (Bankr. E.D.Mo.1993); *Matter of Woods,* 561 F.2d 27 (7th Cir.1977). Thus, in considering the issue of dischargeability, this Court is not bound by the label placed on the obligation by the parties or the orders of the state court but, rather, is required to consider several factors in determining the true character of the obligations. *In re Sampson,* 997 F.2d 717 (10th Cir.1993). It is now well-established that if the obligation is (1) a lump-sum payment couched in the form of a money judgment which is enforceable only by execution and levy and not by contempt; and (2) is not subject to modification based on the

changed circumstances of the parties; and (3) does not terminate upon remarriage or death, the obligation is a non-alimony, non-support obligation, and is thus dischargeable. *In re Haast,* 27 B.R. 93 (Bankr.S.D.Fla. 1983).

■■■■ Applying the foregoing to the facts developed in this case, there is hardly any question that the balance owed by the Debtor to this Plaintiff is not in the nature of alimony or support for the following reasons: (1) the obligation is a lump-sum payment couched in the form of a money judgment, clearly not subject to modification; (2) the obligation is enforceable by execution and levy and not by contempt; and (3) without a doubt, the obligation did not provide for termination upon the Plaintiff's remarriage. Additionally, as noted in the Eleventh Circuit in the case of *Carver v. Carver,* 954 F.2d 1573 (11th Cir.1992), the intent of the parties at the time the agreement was made is an important fact to be considered. In this context, the Court must also consider the duration of the marriage, and the spouse's marketable skills, education and training.

In the present instance, the Plaintiff is a college graduate with apparent extensive background in the arts and cultural activities connected with the arts and the fact that she was unemployed at that time the marriage was dissolved is of little or no consequence. Moreover, there is sufficient evidence in this record to permit the inference that the Debtor agreed to meet her demand of $10,000 in order "to make her whole" for the personal properties she sold when she moved down and married him, and for that reason he also consented to let her use an automobile until she was paid in full and, thus, able to purchase one.

In sum, considering the totality of the evidence, this Court is satisfied that the Plaintiff has failed to establish, with the requisite degree of proof, that the balance owed by the Debtor to her in the amount of $7,500 is, in fact, in the nature of an alimony or support award pursuant to the Final Judgment of Dissolution, and therefore, nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. A separate Final Judgment will be entered in accordance with the foregoing.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the debt owed by the Debtor to the Plaintiff be, and the same is hereby dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

DONE AND ORDERED.