**Isabella Marsella BEILER, Plaintiff/Appellant,**

v.

**Robert Wayne BEILER, Defendant/Appellee.**

**Civ. A. No. 87–734–N.**

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 3, 1987.

Cassandra I. Stroud, Chesapeake, Va., for plaintiff.

Jeffrey C. Flax, Kelbert, Childress & Flax, Virginia Beach, Va., for defendant.

John E. Waites, trustee.

## OPINION AND ORDER

RICHARD L. WILLIAMS, District Judge.

Challenging the finding by the Judge of the Bankruptcy Court that a debt due by Robert Wayne Beiler (husband) to Isabella Marsella Beiler (wife) was not for maintenance, support or alimony, and was dischargeable in the Bankruptcy proceedings filed by husband, wife brings this appeal.

### I.

By written agreement dated April 21, 1986, husband and wife provided for settlement of custody of their two children, support and maintenance for the children, settlement of their property rights and waived and released "one another from any and all claims to spousal support or alimony support claims of any nature, past, present or future." Par. No. 2 of Agreement. The support for the children was to continue "until each child reaches the age of eighteen (18) years respectively, or otherwise becomes emancipated" [Par. 3 of Agreement] whereupon the support would terminate. Support would otherwise terminate upon the death of husband or the child. Husband agreed to convey to wife his interest in the marital home, and all furnishings therein, and wife would assume the lien thereon and relieve husband of any liability therefor. Husband was to retain title to the cemetary lots and to pay any indebtedness owing thereon, and to save wife harmless from such payments. Other properties were designated as property to be held as the exclusive property of husband or wife.

In paragraph 7 of the agreement, husband agreed to pay to wife $5,000.00, payable $1,000.00 upon execution of the agreement and the balance payable $500.00 quarterly. In the remaining paragraphs of the

agreement the parties agreed each was solely responsible for his or her debts, and would save the other harmless from any debt incurred on the other's credit, the "doctrine of necessaries shall not apply to either party". [Par. 8], and they should be free from interference, authority or control of the other, and could dispose of his or her property free of any claim of the other, "under the present or future laws of any jurisdiction, for support maintenance, attorney's fees or court costs or to share in the property or estate—of the other as a result of marital relationship, including—dower, curtesy, thirds, statutory allowance, widow's allowance. ..." [Par. 10] In paragraph 12, the agreement set forth that it constituted the entire understanding of the parties.

Wife's objection to the discharge of her claim of $5,000.00, of which the balance due was $3,500.00, was heard by the Judge of the Bankruptcy Court. The agreement, and the divorce decree incorporating the agreement as a part of it, were introduced in evidence. Wife testified her understanding of the agreement was that the $5,000.00—$1,500.00 of which had been paid—was for alimony and to help her with child support. Husband testified the $5,000.00 was to be used for repairs and improvement of the house conveyed to wife, or as wife desired, but it was in no way related to maintenance support or alimony as she had waived her right to any claim for alimony, maintenance and support.

The decree of the Court entered in the divorce proceedings affirmed the agreement and provided—

ADJUDGED, ORDERED and DECREED that pursuant to said agreement, neither complainant nor defendant be awarded spousal support in that they have both expressly waived same. [Plaintiff's Exhibit 1]

The Bankruptcy Judge found that pursuant to the testimony before him, the agreement and decree of the Court, there was no mutual agreement or intent that the $5,000.00 was for, or in lieu of, alimony, maintenance and support. The Bankruptcy Court found that the "substance of the agreement rather than the terms affixed to it controls the nature of the obligation." *Tilley v. Jessee,* 789 F.2d 1074, 1077, (4th Cir.1986). The Bankruptcy Court further found "that no evidence was ever presented probative of a *mutual* intent which was contrary to the clear language of the agreement" and decree. *Id.* Tilley is on all fours with the facts of this case. Dischargeability is "favored under the code unless the complaining spouse, who has the burden of proof, demonstrates that the obligation at issue is 'actually in the nature of alimony, maintenance and support'." *Tilley,* supra at page 1077. Here, like in Tilley, "if this agreement does not reveal an intent to separate alimony from a property settlement, it is virtually impossible to envision a written agreement that could do so." Page 1078. See also *Melichar v. Ost,* 661 F.2d 300, 303 (4th Cir.1981).

As further evidence that the parties did not agree or intend the said payment to be in the nature of alimony, maintenance or support, or in lieu thereof, wife did not report the sums received as income, nor did husband take a deduction therefor. Nor was there any provision that husband would be relieved from responsibility for payment in the event of death or remarriage of wife. Yet, as to support money for the children, provision was made that husband would be relieved from payment in the event of death of husband, or the child, or in the event the child became emancipated before reaching the age of 18 years.

The findings of the Judge of the Bankruptcy Court may not be overruled except for plain error. The findings are therefore AFFIRMED.